UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. WILLARD,<br><br>       Plaintiff,<br><br>   v.<br><br>J. NEIBERT, et al.,<br><br>       Defendants. | Case No.: 1:14-cv-01951-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>[ECF No. 3] |

Plaintiff Joshua A. Willard is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

On December 8, 2014, Plaintiff filed a motion for a temporary restraining order. (ECF No. 3.)

In the Court's screening order, issued simultaneously herewith, the Court has found that Plaintiff states a cognizable claim for excessive force against Defendants J. Neibert, L. Lara, J. Loveall, and J. Westphal.

In his present motion, Plaintiff seeks to restrain Defendant Lara, Loveall, and Westphal from working in his housing unit. Plaintiff contends that on November 25, 2014, he went to "C" medical for dental treatment and all three Defendants approached him and called him a "snitch" and "bitch" for reporting the misuse of force that took place on May 2, 2014. Defendant Westphal said "we are going

1

to beat you again, the only reason why we are not doing it at this time is because there is to many people around." (ECF No. 3, Mot. at 2.)

## II.

## DISCUSSION

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The determination of whether Defendants used excessive force against Plaintiff is a disputed issue of fact that is the pivotal point of Plaintiff's claims. "In deciding a motion for a preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." Int'l Molder & Allied Workers Local Union No. 164 v. Nelson, 799 F.2d 547, 551 (9th Cir. 1986). Certainly at this point in the action based on the limited record, the Court cannot resolve the factual dispute, and Plaintiff has not demonstrated a likelihood of success on the merits.

Beyond merely stating that Plaintiff will suffer "present as well as future irreparable harm," Plaintiff has not shown the likelihood of irreparable injury. Plaintiff's allegations in the present motion are based on a single incident which took place in November 2014, and there is no indication that Plaintiff has continuous and regular contact with these Defendants. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and

"[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief …. If unaccompanied by any continuing, present, adverse effects."). Plaintiff has not alleged an immediate threatened injury. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

Even if Plaintiff could show that the balance of hardship tips in his favor, this factor alone, absent a showing of likelihood of success on the merits and irreparable injury, is insufficient to warrant imposition of a temporary restraining order.

Although it is in the public interest to ensure an inmate's safety while housed in a state facility, in this instance, the record presently does not support the finding that a temporary restraining order is justified to ensure such public interest. Accordingly, Plaintiff's motion for a temporary restraining order should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 20, 2015**

UNITED STATES MAGISTRATE JUDGE