UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. WILLARD,<br><br>   Plaintiff,<br><br>   v.<br><br>J. NEIBERT, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-01951-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY BE GRANTED AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>[ECF Nos. 37, 43] |

Plaintiff Joshua A. Willard is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendants have not consented or declined Magistrate Judge jurisdiction.

Currently before the Court is Defendants' motion for summary judgment, filed July 5, 2016.

**I.**

**RELEVANT HISTORY**

This action proceeds against Defendants L. Lara and J. Loveall for excessive force, and against Defendant J. Neibert for failure to intervene in violation of the Eighth Amendment of the United States Constitution.[1]

---

[1] On August 25, 2015, Defendant Westphal was dismissed, with prejudice, based on the parties' stipulation. (ECF No. 35.)

Defendants filed an answer to the complaint on August 24, 2015. On August 25, 2015, the Court issued the discovery and scheduling order.

As previously stated, Defendants filed a motion for summary judgment on July 5, 2016. Plaintiff filed an opposition on July 15, 2016, and Defendants filed a reply on July 21, 2016. Plaintiff thereafter filed a surreply on August 1, 2016. On August 26, 2016, Defendants moved to strike Plaintiff's surreply.

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### III.

### DISCUSSION

**A.     Defendants' Motion to Strike Plaintiff's Surreply**

As previously stated, Plaintiff filed a surreply on August 1, 2016.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir.

1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this instance, the Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing to resolve the instant motion. Accordingly, the surreply will not be considered in these Findings and Recommendations and should be stricken from the record.

**B.    Allegations of Plaintiff's Complaint[2]**

On May 2, 2014, Plaintiff informed the second watch unit officers that he was concerned for his physical safety regarding the 25er C4 unit prison gang. When officers failed to respond to Plaintiff, Plaintiff told the nurse that he felt like killing himself. At that time, Plaintiff was escorted to the "C" facility medical holding cages. Sometime thereafter, Doctor B. Mason talked with Plaintiff and he told him that he did not feel safe on Facility C. Dr. B. Mason indicated that he would talk to Sergeant J. Neibert about Plaintiff's safety concerns.

Sergeant J. Neibert went to Plaintiff's holding cage and said "Bitch you are going right back to unit C4." Plaintiff told him about his safety concerns and Neibert said "so what and that will be back to get me to take me to unit C4." Sergeant Neibert returned along with medical officers Lara and Loveall. Neibert violently grabbed Plaintiff and threw him on the pavement, without any provocation, and was handcuffed. Officers Lara and Loveall jumped on Plaintiff and began violently punching him in the back area. Plaintiff was then carried back to unit C4 and denied necessary medical treatment for his injuries. When the misuse of force was taking place, Neibert was standing right there and failed to intervene to prevent the misuse of force.

**C.    Undisputed Facts**

1.    During the time period relevant to the complaint, Plaintiff Joshua Antonio Willard (AL-2832) was a state inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), incarcerated at Kern Valley State Prison (KVSP). (Pl.'s Compl., ECF No. 1 at 1.)

---

[2] This action is proceeding on Plaintiff's original complaint, filed December 8, 2014, signed under penalty of perjury. (ECF No. 1.) Because Defendant Westphal has been dismissed from the action, the Court has omitted the factual allegations relating to him.

2. During the time period relevant to the complaint, L. Lara and L. Loveall were correctional officers and J. Neibert was a correctional sergeant at KVSP. (Pl.'s Compl., ECF No. 1 at 3-4; see also Decl. of J. Neibert, ¶ 2.)

3. On May 5, 2014, Plaintiff was interviewed, on video-camera, by Lieutenant H. Tyson in connection with Plaintiff's allegation that Defendants had assaulted him on May 2, 2014. (Decl. A. Whisnand, Ex. A at AGO.015-016 [Pl.'s Dep., p. 75:4-76:21]; Decl. B. Hancock, Ex. A; Decl. M. Bremmer, ¶¶ 3-5.)

4. Plaintiff had an opportunity during the interview to discuss and identify the injuries he allegedly suffered as a result of the May 2, 2014 incident.[3] (Decl. A. Whisnand, Ex. A at AGO.016-017 [Pl.'s Dep., p. 76:22-77:3]; Decl. B. Hancock, Ex. A [DVD at 1:58].)

5. During the interview, Plaintiff described his injuries as "abrasions to [his] knee and [his] elbow area." (Decl. B. Hancock, Ex. A [DVD at 2:07].)

6. When asked if the abrasions to his knee and to his elbow area were the only injuries he sustained, Plaintiff confirmed that they were. (Decl. B. Hancock, Ex. A [DVD at 3:37].)

7. During his deposition, Plaintiff described his injuries as a "bruise or some kind of bump on [his] head" and soreness in his back." (Decl. A. Whisnand, Ex. A at AGO.008 [Pl.'s Dep., p. 53:6-18].)

8. When asked during his deposition if the bruise or bump on his head and the soreness in his back were the only two injuries he sustained, Plaintiff confirmed that they were. (Decl. A. Whisnand, Ex. A at AGO.008 [Pl.'s Dep., p. 53:6-18].)

9. Plaintiff did not receive any medical treatment immediately after the alleged assault. (Decl. A. Whisnand, Ex. A at AGO.010 [Pl.'s Dep., p. 55:8-17].)

10. On May 5, 2014, Plaintiff saw medical staff at KVSP for "suicidal ideation." (Decl. of A. Whisnand, Ex. A at AGO.010-12 [Pl.'s Dep., p. 55:22-57:24]; AGO.022-023 [Pl.'s Dep., Ex. 3.])

---

[3] In response to Statement Numbers 4, 5 and 6, Plaintiff indicates that he cannot recall because he would have to review the video interview in order to respond. (Opp'n at 5.) Plaintiff's statements do not place these factual statements in dispute because (1) the Court has reviewed the video recording of the interview and finds the statements are correct; and (2) Plaintiff had the opportunity to review the video and there is no showing that he attempted to do so. (See Decl. of B. Hancock ¶ 8, ECF No. 37-4.)

1         11.    Plaintiff did not receive a Rules Violation Report in connection with this incident. (Decl. A. Whisnand, Ex. A at AGO.010 [Pl.'s Dep., p. 55:5-7]; Decl. J. Neibert, ¶¶ 10-11.)

         12.    Staff at KVSP did not complete an Incident Report in connection with the alleged assault.  (Decl. A. Whisnand, Ex. A at AGO.009-010 [Pl.'s Dep., p. 54:19-55:3]; Decl. J. Neibert, ¶¶ 8-9.)

         13.    According to Plaintiff, there were other inmates that were present when the alleged assault took place.  (Decl. A. Whisnand, Ex. A at AGO.018-019 [Pl.'s Dep., p. 80:16-81:6].)

**D.    Excessive Force/Failure to Intervene**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).  Thus, for excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 37 (citing Hudson, 503 U.S. at 7) (quotation marks omitted).  While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 37 (citing Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 37-8.

Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley v. Albers, 475 U.S. 312, 321 (1986). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 559 U.S. at 37-38. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force. Hudson, 503 U.S. at 9-10.

A prisoner's rights can be violated by a prison official's deliberate indifference by failing to intervene. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To state a claim the plaintiff must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Additionally, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

**E.     Parties' Arguments**

1.     Defendants' Motion

Defendants argue that Plaintiff's version of events is wholly implausible, such that no reasonable jury could believe it. Plaintiff has been equivocal with regard to his injuries sustained as a result of the alleged force used by Defendants. Further, the injuries identified by Plaintiff are minimal in nature and inconsistent with the alleged use of force by Defendants. In addition, Plaintiff's medical records reveal no injuries whatsoever. Lastly, Defendants deny using any force on Plaintiff, and there are no institutional documents to suggest that force was ever used.

2.     Plaintiff's Opposition

Plaintiff's main argument is that the Court cannot weigh the evidence or make credibility determinations in ruling on a motion for summary judgment. Plaintiff states that his verified

complaint and declaration are sufficient to create a genuine issue of material fact to prelude summary judgment

3. Defendants' Reply

Defendants argue that Plaintiff fails to address the video evidence which shows minimal or non-existent injuries, and Plaintiff offers no evidence to explain his contradictory accounts of the injuries he sustained. In addition, Plaintiff offers no evidence to refute the medical records, which show no injuries were sustained.

**F. Analysis and Findings on Defendants' Motion**

The reasonableness inquiry in excessive force cases is an objective one: whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation and without the "20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396 (1989). "[T]he reasonableness of force used is ordinarily a question of fact for the jury." Liston v. County of Riverside, 120 F.3d 965, 976 n.10 (9th Cir. 1997). "Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, [the Ninth Circuit has] held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." Avina v. United States, 681 F.3d 1127, 1130 (9th Cir. 2012) (internal quotations and citations omitted).

In his verified complaint, signed under penalty of perjury, Plaintiff alleges that on May 2, 2014, he told the second watch shift (6:00 a.m. to 2:00 p.m.) Facility C4 unit that he had safety concerns with the "25er" C4 unit prison gang, but no action was taken. Therefore, Plaintiff told the nurse that he felt suicidal, and he was escorted to the C facility medical holding cages to be evaluated by Doctor B. Mason. Plaintiff told Doctor Mason that he did not feel safe in Facility C, and Doctor Mason stated he would talk to sergeant Neibert about Plaintiff's safety issues. Sergeant Neibert went to the holding cage and told Plaintiff "bitch you are going right back to unit C4." Plaintiff told him about his safety concerns and Neibert said "so what and that he will be back to get me to take me to unit C4." Sergeant Neibert returned along with medical officers Lara and Loveall. Sergeant Neibert violently grabbed Plaintiff and threw him on the pavement, without any provocation, and was handcuffed. Officers Lara and Loveall jumped on Plaintiff and began violently punching him in the

back area.  Plaintiff was then carried back to unit C4 and denied necessary medical treatment for his injuries.  When the misuse of force was taking place, Neibert was standing right there and failed to intervene to prevent the misuse of force.  Plaintiff states that there was no provocation or prison disturbance and no need to use force since Plaintiff was on the pavement unresisting in handcuffs. (Compl. at pp. 4-6, ECF No. 1.)

In his declaration signed under penalty of perjury submitted with his opposition, Plaintiff declares the following:

> (1). I am the plaintiff in the above-entitled case.  I make this determination in opposition to defendants' motion for summary judgment on my claims concerning the use of force against me by defendants Lara, Loveall and Neibert.
>
> (2). The defendants' affidavit claims, in summary, that they did not use excessive force against me is not true.
>
> (3). The defendants are not entitled to summary judgment because there are genuine issues of materials [sic] fact to be resolved.  These issued [sic] are identified in the accompanying statement of disputed factual issues filed by the plaintiff.  The facts are set out in this declaration.
>
> (4). On the morning of May 2, 2014, at KVSP Facility C, I told medical staff that I was feeling suicidal do [sic] to safety concerns.  [A]s a result custody staff escorted me to the C facility medical clinic for evaluation w[h]ere I was then placed in a holding cell.  Once I seen [sic] the senior mental health Doctor B. Mason I told him about my safety concerns.  [H]e then told me that he would talk with the sergeant about this issue.  [T]hereafter sergeant J. Neibert came to the holding cell w[h]ere I was, and called me a bitch and said you are going back to the yard.  I told him about my safety concerns but he did nothing.  [H]e left than came back with a few other custody staff who[se] name I don't know, but the[ir] faces I can recall.  [D]efendant Neibert than ordered the officers to open the cage, than he violently grabbed me and thr[e]w me to the ground than that's when the rest of the defendants Lara and Loveall jumped on me and started kicking me in my back.  I was unresisting in handcuffs and [there] was no need for all this force.
>
> (5). Defendant supervisor J. Neibert did not intervene to prevent these kicks and blows, and he had a duty to do so.
>
> (6). During the assault [D]efendants broke my eye glasses.  I also received bruises and abrasions over my body.  Some I notice [sic] later than others.
>
> (7). Contrary to [D]efendants affidavits, they did use excessive force against me[,] and all I did was lay on the floor taking th[eir] blows and kicks.
>
> (8). After the incident the [D]efendants denied me medical treatment.

> (9). The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, support a judgment in my favor, as explained in the opposition submitted with this declaration.

(Opp'n, at pp. 10-13, ECF No. 40.)

Defendants argue that between the date of the incident and the date of his deposition, Plaintiff has offered two contradictory and mutually-exclusive descriptions of the injuries he sustained.

It is undisputed that three days after the incident, Plaintiff was interviewed by Lieutenant H. Tyson at KVSP, and was expressly given the opportunity to identify his injuries on camera. The Court has reviewed the video interview recording and finds that Plaintiff did point to visible abrasions on his knee, elbow and forearm areas. There is simply an issue of material facts. The court cannot substitute its judgment in this case for it is not the trier of fact. The issue must be decided by a jury and defendants are free to argue at trial the merits argued here. Whether the facts are consistent with Plaintiff's version of events is for the jury to decide.

While it is true as Defendants argue that Plaintiff provided conflicting testimony regarding the exact nature and extent of his injuries as a result of the force used by Defendants, the degree and extent of Plaintiff's injuries only serves as evidence of the degree of force used, it does not conclusively resolve the question of whether the degree of force was de minimis. Wilkins, 559 U.S. at 37. ("The extent of injury may…provide some indication of the amount of force applied.") Defendants cannot escape liability, at the summary judgment stage, merely because Plaintiff's testimony is conflicting as to the exact nature and extent of the injuries suffered. This case turns on whether the force was used in a good faith effort to restore order or maintain discipline. Therefore, the extent of Plaintiff's injury will be a factor in determining whether the force used was excessive, and goes to the weight and credibility of the evidence which must be resolved by a trier of fact. In resolving a motion for summary judgment, it is not the Court's province to resolve disputed issues of fact, but rather to determine only whether there are genuine issues of material fact to be resolved at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Thus, viewing the facts in the light most favorable to Plaintiff, the evidence indicates that he suffered some form of injury whether it be abrasions to his knee and elbow area and/or bruise or bump on his head and sore back. Both

injuries are consistent with Plaintiff's version of the alleged use of force by Defendants, namely, that after sergeant Neibert violently grabbed Plaintiff and threw him on the pavement, Defendants Lara and Loveall jumped on Plaintiff and began violently punching him in the back area. Moreover, even if there was no incident report generated after the alleged use of force by Defendants, there was a video-taped interview which corroborates Plaintiff's claim of the use of excessive force.

In addition, the Court declines to find as a matter of law that Plaintiff's version of the events set forth in his verified complaint and opposition to be so implausible that dismissal is warranted. Defendants cite to Bibbs v. Singh, No. C 09-2031 MHP (pr), 2011 WL 1884336 (N.D. Cal. May 18, 2011), for the proposition that they are entitled to judgment as a matter of law. However, the extent of the inmate's injuries was only one of the Hudson factors considered by the court in granting summary judgment in favor of defendants. Indeed, in Bibbs there was no dispute that the inmate (Bibbs) refused to comply with officer's orders and threatened officers as he physically advanced on them. In contrary here, under the circumstances alleged by Plaintiff, (1) there was no need for any application of force, as he was nonresistant, and (2) Defendants punched him repeatedly while he was on the ground in handcuffs. Given Plaintiff's factual allegations surrounding the use of force by Defendants on May 2, 2014, Plaintiff's alleged injuries under either version are consistent with the alleged force, and it is therefore plausible that a jury could find in favor of Plaintiff.

Lastly, although Defendants submitted two medical records to support their argument that Plaintiff did not sustain any injuries following the May 2, 2014, incident, Plaintiff argues that "both forms were done when [he] went on suicide watch, meaning the only things the doctors would have been looking at is regarding [his] mental health." (Opp'n at 3.) The medical reports in question could support either version, and as a result, there exists a material factual dispute as to the alleged injury and extent of such injury as a result of the force used on May 2, 2014. Furthermore, it is Plaintiff's contention that he was denied medical treatment following the incident. (Compl. at p. 3; Opp'n at p. 12 ¶ 8.)

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendants' motion to strike Plaintiff's surreply be GRANTED; and

2.     Defendants' motion for summary judgment be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2016**

UNITED STATES MAGISTRATE JUDGE