1

2

3

4

5            **UNITED STATES DISTRICT COURT**

6            **EASTERN DISTRICT OF CALIFORNIA**

7

8    JOSHUA A. WILLARD,                   )  Case No.: 1:14-cv-01951-AWI-SAB (PC)
                                          )
9              Plaintiff,                 )
                                          )
10       v.                               )  ORDER DENYING PLAINTIFF'S MOTION
                                          )  FOR APPOINTMENT OF COUNSEL
11   J. NEIBERT, et al.,                  )
                                          )  [ECF No. 48]
12             Defendants.                )
                                          )
13   _____    )

14

15       Plaintiff Joshua A. Willard is appearing pro se and in forma pauperis in this civil rights action

16   pursuant to 42 U.S.C. § 1983.  This case is currently set for jury trial on August 22, 2017, before

17   Senior District Judge Anthony W. Ishii.

         Currently before the Court is Plaintiff's motion for appointment of counsel, filed February 27,
18
     2017.
19
         This action is proceeding against Defendants L. Lara and J. Loveall for excessive force, and
20
     against Defendant J. Neibert for failure to intervene in violation of the Eighth Amendment of the
21
     United States Constitution.
22
         There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d
23
     1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to
24
     28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490
25
     U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the
26
     voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.
27

28

                                          1

1    Without a reasonable method of securing and compensating counsel, the court will seek

2  volunteer counsel only in the most serious and exceptional cases.  In determining whether

3  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

4  merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

5  legal issues involved."  Id.  (internal quotation marks and citations omitted).

6    In support of his request for appointment of counsel, Plaintiff submits the constraints of

7  incarceration, existence of credibility issues, and complexity of the case warrant counsel.  In this

8  instance, the Court does find that neither the interests of justice nor exceptional  circumstances warrant

9  appointment of counsel.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935

10  F.2d 1015, 1017 (9th Cir. 1991).  Circumstances common to most prisoners, such as lack of legal

11  education and limited law library access, do not establish exceptional circumstances that would

12  warrant a request for voluntary assistance of counsel.  While a pro se litigant may be better served

13  with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to

14  "articulate his claims against the relative complexity of the matter," the "exceptional circumstances"

15  which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525

16  (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of

17  counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of

18  discovery and the securing of expert testimony.")  Plaintiff has not shown anything in the record that

19  makes this case "exceptional" or the issues in it particularly complex.  The existence of factual

20  disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal

21  issues warranting a finding of exceptional circumstances.  Id.  Accordingly, Plaintiff's motion for

22  appointment of counsel is denied.

23

24  IT IS SO ORDERED.

25  Dated:   **February 28, 2017**

26                                                                    UNITED STATES MAGISTRATE JUDGE

27

28