UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. WILLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>J. NEIBERT, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01951-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 28, 2017, ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 53] |

      Plaintiff Joshua A. Willard is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      On March 16, 2017, Plaintiff filed objections to the Court's February 28, 2017, order denying his request for appointment of counsel. The Court construes Plaintiff's objections as a request for reconsideration under Federal Rule of Civil Procedure 60(b).

      Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u>  (internal quotation marks and citations omitted).

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  In the present motion for reconsideration, Plaintiff presents the same arguments raised and considered by the Court in denying his request for appointment of counsel.  As stated in the Court's February 28, 2017, order, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  <u>Rand v. Rowland</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Plaintiff has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex.  The existence of factual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues

warranting a finding of exceptional circumstances.  Id.  Further, based on the record in this case, Plaintiff has demonstrated that he is capable of representing himself.  Accordingly, Plaintiff's motion for reconsideration of the Court's February 28, 2017, order is denied.

IT IS SO ORDERED.

Dated:   **March 17, 2017**

UNITED STATES MAGISTRATE JUDGE